IÍay, Judge,
delivered the opinion of the court:
After a careful consideration of the evidence the court is of opinion that the value of the property turned over to the United States by the plaintiff is the amount found in the report of the commissioner, and judgment is therefore awarded for the sum of $65,812. The court being of the opinion that the trimmers were not taken by the Govern: ment under the so-called requisition order, and that the negotiations between the parties did not constitute a contract either express or implied for the sale of these trimmers, will not allow that part of the plaintiff’s claim.
The plaintiff further claims interest at 6 per cent on the ■reasonable worth of the property, which we find to be *723 $65,812. This it claims because its property was taken or requisitioned by virtue of the act of March 4, 1917, 39 Stat. 1193, and the act of June 15, 1917, 40 Stat. 182.
In this case there was no taking or requisition by the United States of plaintiff’s property. The order of the Navy Department was an offer by it to purchase the property of the plaintiff, and this order was accepted by the plaintiff. Certain prices were stated in the order as being those that would be paid for the property, but it was provided : “ That it was impracticable to determine a reasonable and just value of the material delivered, and the fixing of the price will be subject to later determination.” The property was delivered to the Government, and the plaintiff not being satisfied with the price fixed by the Government took 75 per cent of the amount offered, and is now claiming interest.
This question is fully discussed in the opinion of Chief Justice Campbell in the case of Liggett & Myers Tobacco Company v. United States, decided this date, ante, p. 693. In that case the court refused to allow interest, and that decision will be followed in this case, and the allowance of interest is refused.
GRaham, Judge; Downey, Judge; Booth, Judge; and Camtbell, Chief Justice, concur.